UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C22-5445-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE** |

Plaintiff appeals the denial of his application for Supplemental Security Income. He contends the ALJ erred by **(1)** failing to adopt PAC (Physician's Assistant–Certified) James Stauffer's opinion regarding (a) handling limitations, (b) reaching limitations, and (c) projection of days of absence; and **(2)** rejecting plaintiff's subjective testimony about the severity of his hand and arm limitations. Dkt. 23. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently fifty years old, applied for benefits on November 7, 2016, and alleged disability as of August 1, 2013. Tr. 308–10. The agency denied his SSI application initially and on reconsideration, and the ALJ found him to be not disabled in a November 2018 decision. Tr. 309–58. The Appeals Council, however, vacated the ALJ's 2018 decision and

remanded to (1) further evaluate plaintiff's impairments, including bilateral carpal tunnel syndrome, epicondylitis, and left shoulder impairment; (2) obtain additional evidence concerning plaintiff's impairments; (3) revisit the residual functional capacity ("RFC") assessment; and (4) obtain supplemental evidence from a vocational expert ("VE"). Tr. 362.

On remand, the ALJ held a hearing and issued a new decision on March 21, 2021. Tr. 115–44. The ALJ determined that plaintiff had the severe impairments of **left elbow abnormality, status post-surgery**; **left shoulder dislocation and status post-surgery**; lumbar degenerative disc disease; chronic obstructive pulmonary disease ("COPD"); peripheral neuropathy; **bilateral carpal tunnel syndrome, status post-surgery**; diabetes mellitus, type two; obesity; umbilical hernia; and anxiety. Tr. 117–18. The ALJ determined that plaintiff has the RFC to perform light work with additional limitations, including that he can stand and walk or up to four hours; he can sit for up to six hours; **he can frequently bilaterally handle and finger**; **he can frequently reach with the left dominant arm, and occasionally reach overhead with it**. Tr. 122–23. Plaintiff had no past relevant work. Tr. 142. At step five of the sequential evaluation, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff could perform, including garment sorter, mail room clerk, and hand packager and inspector. Tr. 142–44. The ALJ therefore found plaintiff to be not disabled. Tr. 144.

As the Appeals Council denied plaintiff's request for review, the ALJ's 2021 decision is the Commissioner's final decision. Tr. 1–4.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff contends that the ALJ improperly rejected **(1)** PAC Stauffer's opinion regarding limitations on handling, reaching, and work absences; and **(2)** plaintiff's subjective testimony about the severity of his hand and arm limitations. Plaintiff argues that had PAC Stauffer's opinion and plaintiff's symptom testimony been properly credited, the VE's testimony demonstrates that plaintiff is disabled. The Court finds that the ALJ supported the decision to discount PAC Stauffer's opinion and plaintiff's subjective testimony with substantial evidence and did not commit harmful legal error.

    1.  **PAC Stauffer's Opinion on Handling, Reaching, and Work Absences**

Plaintiff contends that the ALJ did not cite substantial evidence for rejecting PAC Stauffer's opinion by failing to address adequately the opined restrictions on handling, reaching, and work absences. Plaintiff has not, however, demonstrated that the ALJ failed to cite germane reasons for rejecting PAC Stauffer's opined limitations in those domains.

Because plaintiff applied for benefits in 2016, PAC Stauffer is not considered an acceptable medical source in this case. 20 C.F.R. § 416.902(a)(8). PAC Stauffer's opinion is, nonetheless, relevant medical evidence and should be evaluated on key issues such as impairment severity and functional effects. SSR 06-03p, 2006 WL 2329939, at *3. The ALJ must consider PAC Stauffer's other source opinion and may only reject the opinion by setting forth germane reasons. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

In August 2020, PAC Stauffer filled out a three-page physical assessment form for plaintiff. Tr. 1848–50. PAC Stauffer opined, among other limitations, that with respect to reaching, handling, or fingering over the course of a workday, plaintiff could use his **right, non-dominant upper extremity for handling/manipulating 10% with his hand and fingers** (and 100% for reaching in front of his body and overhead); and plaintiff could use his **left, dominant upper extremity for reaching 10% in front of his body and overhead** (and 100% for handling/manipulating with his hand and fingers). Tr. 1848. PAC Stauffer noted that the onset of plaintiff's impairment of his **left shoulder had occurred in 2018**, and that the onset of plaintiff's impairment of his **hands had been 8 to 10 years prior**. *Id.* PAC Stauffer commented that plaintiff's left shoulder injury limited range of motion and strength, that carpal tunnel syndrome limited fine manipulation, and that depression/PTSD caused mental problems. Tr. 1849. PAC Stauffer opined that on average **plaintiff would be absent two days a month** due to a "[f]lare up of multiple conditions." *Id.*

The ALJ cited several reasons for giving low weight to PAC Stauffer's opinion. First, the ALJ discounted the opinion because PAC Stauffer's "check-box form opinion provides little explanation to how the claimant's impairments, symptoms, and/or treatment limit the claimant to the extreme extent opined." Tr. 134. This reason is germane. PAC Stauffer justified the debilitating severity of the limitations affecting handling, reaching, and work absences only by referring to longstanding carpal tunnel syndrome, a past shoulder injury, and the cumulative impact of numerous conditions. PAC Stauffer did not, for example, indicate what examinations he performed that indicated the assessed limitations or the basis for discrediting medical evidence suggesting greater functionality and medical improvement.

Second, the ALJ discounted PAC Stauffer's opinion because although it was purportedly based on physical examinations, consultative opinions, and medical records, PAC Stauffer relied heavily on plaintiff's subjective assertions of symptoms and limitations. Tr. 134. PAC Stauffer does not indicate whether or to what degree the medical records differ from plaintiff's account of his limitations. As discussed more fully *infra*, the ALJ cited substantial evidence for discounting plaintiff's subjective testimony about the severity of his impairments.

Third, the ALJ discounted PAC Stauffer's opined degree of limitation as inconsistent with (a) plaintiff's September 2020 report of experiencing significant pain relief with hydrocodone while suffering no medication side effects, Tr. 1928; (b) plaintiff's improvement with surgery and other forms of treatment, *see, e.g.*, Tr. 1643–45, 1980; (c) September 2020 exam findings showing that despite his complaints plaintiff was alert and mentally oriented, had a normal reciprocal gait, and had no foot drop, Tr. 1927; (d) claimant displayed no acute distress in most exams, *see, e.g.*, Tr. 1683, 1696, 1700, 1722, 1832, 1841, 1853, 1894, 1898, 1904, 1910, 1927, 1948, 1975, 1977, 1982, 1986; and (e) plaintiff was noted repeatedly to have grossly normal strength and motor functioning, *see, e.g.*, Tr. 1474, 1476, 1479, 1485, 1488, 1882, 1904, 1948. Tr. 133–34. Inconsistency with the medical record is a germane reason for discounting PAC Stauffer's opinion, and the ALJ's interpretation of that medical evidence was not unreasonable.

Fourth, the ALJ discounted PAC Stauffer's opinion as inconsistent with plaintiff's daily activities, which included performing self-care, driving, shopping, cooking, doing laundry, performing household chores, helping care for animals, and performing volunteer work. Tr. 134; *see, e.g.*, Tr. 517–19, 872, 1118, 1515, 1520, 1836. Whereas PAC Stauffer suggested that carpal tunnel syndrome has limited plaintiff's ability to handle with his right hand since at least 2012

and reported no waxing or waning of such symptoms, Tr. 1848, in 2016 plaintiff told a medical provider that he spent evenings playing video games, Tr. 816, which the ALJ noted "typically require rapid processing of information, some degree of finger, hand, and wrist dexterity, and some degree of hand-eye coordination," Tr. 129. Inconsistency with plaintiff's daily activities is a germane reason to discount PAC Stauffer's opinion.

Plaintiff contends that the ALJ failed to discount PAC Stauffer's opinion with sufficient detail with respect to handling, reaching, and work absences. This argument is unpersuasive. The ALJ reasonably concluded that PAC Stauffer had insufficiently explained the basis for opining that plaintiff had a 10% capacity for right-hand handling, a 10% capacity for left arm reaching, and the likelihood of missing two days of work per month. The conclusory nature of PAC Stauffer's opinion is a germane reason for discounting it, as are heavy reliance on plaintiff's own discounted testimony, inconsistency with the medical record, and inconsistency with plaintiff's daily activities. The ALJ discounted the severity of plaintiff's arm and hand limitations with reference to, among other examples, exam results showing 5/5 grip strength bilaterally, medical improvement after the shoulder injury, and engaging in daily activities that might suggest greater functionality. Moreover, it is reasonable for the ALJ to have discounted PAC Stauffer's opinion that plaintiff would miss two workdays a month due to numerous, cumulative limitations by referring to medical, testimonial, and daily activity examples of plaintiff's greater capacity to function.

The Commissioner argues that a conflict with January 2017 opinion of examining physician Dr. Gary Gaffield, DO, serves as an additional, independent and germane reason for discounting the September 2020 opinion of PAC Stauffer, though the ALJ did not specifically cite Dr. Gaffield when rejecting PAC Stauffer's opinion. Dkt. 24, at 3, 7. Plaintiff is correct to

note that Dr. Gaffield's 2017 opinion could not properly serve as the sole and independent reason for discounting PAC Stauffer's opinion given the Appeals Counsel remanded due to subsequent reports of carpel tunnel syndrome release surgery and a shoulder injury. Dkt. 25, at 3–6. Dr. Gaffield's opinion is not, however, irrelevant. PAC Stauffer stated that plaintiff's hand limitations due to carpal tunnel syndrome began between 2010 and 2012 and did not opine that the hand limitations had become more severe in succeeding years. Tr. 1848. That Dr. Gaffield opined no limitations to plaintiff's manipulative activities and noted that plaintiff engaged in motorcycle repair as a hobby also serve as germane reasons to discount PAC Stauffer's generalized account of severe handling restrictions beginning at latest in 2012.

On appeal, the question before the Court is not whether there is sufficient evidence to demonstrate that plaintiff is disabled based upon PAC Stauffer's opined limitations of occasional handling with the right hand, occasional reaching with the left arm, and the likelihood of missing two days of work per month. The question is whether the ALJ cited germane reasons for discounting PAC Stauffer's opinion about handling, reaching, and work absences. Moreover, the Court will uphold the ALJ's interpretation if the evidence is susceptible to more than one rational interpretation. *See Thomas*, 278 F.3d at 954. The Court finds that the ALJ cited germane reasons for discounting PAC Stauffer's opinion regarding handling, reaching, and work absences.

2. **Plaintiff's Subjective Symptom Testimony**

Plaintiff challenges the ALJ's assessment of his hand and arm limitations. Dkt. 23, at 9. Plaintiff has not, however, demonstrated that the ALJ failed to provide specific, clear and convincing reasons for discounting plaintiff's subjective symptom testimony about the severity of his hand and arm limitations.

An ALJ may discredit a claimant's subjective complaints by providing "specific, clear and convincing reasons" for doing so. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir. 1999). "An ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (internal quotation marks and citation omitted). The clear and convincing "standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Id.*

At the December 2020 hearing, plaintiff testified that his right hand hurts all the time, he cannot lift anything with it, and if he holds onto anything, it drops out of his hand. Tr. 282. He testified that he experiences sharp pains on his left arm, shooting down from his left elbow down to his hand, and surgery did nothing to improve it. Tr. 283. Plaintiff stated that his left arm hurts raised halfway up, he cannot reach overhead, and his pain and range of motion was about the same before and after shoulder surgery. Tr. 283–84.

The ALJ stated three reasons for discounting the severity of plaintiff's testimony regarding using his hands, lifting his arms, and the associated pain and numbness. First, the ALJ found that plaintiff's subjective testimony was inconsistent with the medical evidence. Tr. 123–26; *see Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). In January 2019, plaintiff had left elbow, left carpal tunnel release, and left shoulder rotator cuff repair surgery. Tr. 1746–47, 1793, 1796. In an April 19, 2019 examination, plaintiff was seen by a physician with complaints of pain in his left shoulder and decreased ability to move his left arm after a slip and fall. Tr. 1636. The physician noted that plaintiff was in no apparent distress while x-rays showed a fairly well maintained subacromial and

glenohumeral space and no apparent fracture. *Id.* The physician also noted three months status post rotator cuff repair, plaintiff showed reasonable rotator cuff strength and limited range of motion in the left shoulder. *Id.* Plaintiff was prescribed pain killers and informed that if his pain increased a repeat MRI might be called for. *Id.* In an April 22, 2019 examination following left carpal tunnel release, plaintiff indicated that the symptoms in his left hand had improved significantly since the carpal tunnel release. Tr. 1980. On May 17, 2019, plaintiff reported having no pain in his left hand and left hand grip strength testing showed normal results. Tr. 1752, 1754. In the same month, plaintiff had right carpal tunnel release and at his two-week follow-up examination on May 23, 2019, for right wrist and incisional pain, the physician's assistant noted mildly improved symptoms, recommended physical therapy to improve range of motion, and opined that pain would continue to improve. Tr. 1634. Although in mid-July 2020, plaintiff reported persistent right hand numbness, right hand pain, and "excruciating" right wrist pain, the physician noted plaintiff was in no acute distress and that the MRI showed some mild thickening of the median nerve and moderate degenerative changes throughout the wrist. Tr. 1910–1912. As the ALJ noted, the physician referred plaintiff for a nerve conduction study and did not suggest aggressive medical treatment. Tr. 123, 1912. In late-July 2020, the physician noted that although the updated electrodiagnostic testing showed mild median neuropathy at the wrist bilaterally, "this may be a residual finding from his prior carpal tunnel syndrome and does not necessarily represent true recurrence/persistent carpal tunnel syndrome. This should be clinically correlated and interpreted with caution. Otherwise, the bilateral upper limb testing is normal." Tr. 1904. In addition, upon examination, strength was 5/5 throughout the bilateral upper limbs and his muscle bulk and tone were normal. *Id.*

Second, the ALJ found that plaintiff's hand and arm impairments improved with treatment. Tr. 122–25. Evidence for medical treatment successfully relieving symptoms can undermine a claim of disability. *See* 20 C.F.R. § 404.1529(c)(3)(iv)–(vi); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Plaintiff reported that "symptoms in the left hand have significantly improved since his carpal tunnel release." Tr. 1980. After right carpal tunnel release, plaintiff reported being happy with the surgery results despite some persistent symptoms, including lack of full extension and numbness on several fingers. Tr. 1633–34. Although plaintiff requested Naproxen for pain relief, the physician advised against this. Tr. 1634. The physician instead prescribed Tylenol and recommended physical therapy, and plaintiff reported being satisfied with this treatment plan. *Id.* In June 2019, plaintiff denied any pain in his left shoulder. Tr. 1816. And, as mentioned earlier, in late-July 2020, plaintiff exhibited 5/5 strength throughout his bilateral upper limbs alongside normal muscle bulk and tone. Tr. 1904.

Third, the ALJ found that plaintiff's activities of daily living contradicted his testimony about the severity of his impairments. Tr. 128–29; *see Orn v. Astrue*, 495 625, 639 (9th Cir. 2007). Contrary to plaintiff's allegations that he has severe problems lifting, using his arms, and using his hands, plaintiff engaged in activities that used his hands and arms, including managing his personal care, driving, shopping, cooking, household chores, washing clothes by hand, working on a computer, and caring for animals. Tr. 517–19, 872, 1118, 1515, 1520, 1836. Plaintiff is correct to note that these daily activities do not suggest transferability of skills to the workplace in a typical, eight-hour workday. It was, however, reasonable for the ALJ to cite such activities as conflicting with plaintiff's account regarding the severity of his hand and arm limitations when viewed in light of contradictory medical evidence and indications of medical improvement.

On appeal, the question is not whether plaintiff's symptom testimony is supported by substantial evidence but whether the ALJ cited specific, clear and convincing reasons to discount plaintiff's testimony. The ALJ did so by referring to the inconsistency between plaintiff's testimony about hand and arm limitations and the medical evidence, indications of medical improvement, and plaintiff's activities of daily living.[1]

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 9th day of January, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] The Court reiterates that on appeal it may not retry the facts and may review only whether the ALJ's decision was supported by substantial evidence and was free from harmful legal error. As the Appeals Council noted when rejecting consideration of supportive medical records outside of the period at-issue, plaintiff is not precluded from filing a new claim asserting disability for the period after the ALJ decision date of March 26, 2021. Tr. 2.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 11